**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David A. JOSEPH, Defendant–Appellant.**

**No. 01–3974.**

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2002.

Before MERRITT, BOGGS, and MOORE, Circuit Judges.

*ORDER*

David A. Joseph appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Joseph pleaded guilty to one count of embezzlement by a bank employee, a violation of 18 U.S.C. § 656. He was sentenced to ten months of imprisonment to be fol-

lowed by three years of supervised release. The court also ordered Joseph to pay restitution in the amount of $5,757.37 to the victim.

In this timely appeal, Joseph's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Joseph was served with the brief and the motion, but he has filed no response.

We grant the motion to withdraw, as the brief submitted reflects that counsel has reviewed the entire record and proceedings. Counsel presents the following issues for review: (1) whether the plea was valid, and (2) whether the sentence was proper. Counsel asserts these issues, but recognizes that they lack merit.

The record reflects that the district court properly accepted Joseph's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady*, 397 U.S. at 755, 90 S.Ct. 1463. The court explained to Joseph the rights he was waiving, the statutory maximum sentences involved, and the application of the Sentencing Guidelines. Fed.R.Crim.P. 11(c)(1), (c)(3). Joseph acknowledged the veracity of the factual basis for his plea.

A review of the presentence investigation report and the sentencing transcript reveals no meritable claim of sentencing error. Joseph's sentence was authorized by statute and was within the applicable guideline range.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.